IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENISE GADDY McCLENDON, )
)
      Plaintiff, )
)
v. ) Civil Action No. 1:14CV0498
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security Administration, )
)
      Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding pro se, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405 (g)), to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This matter is before the Court on Defendant's motion for judgment on the pleadings. (Docket Entry 22.) Plaintiff has not filed a response and the period for filing a response brief has expired. For the reasons set forth below, it is recommended that Defendant's motion be granted and that the case be dismissed.

## PROCEDURAL HISTORY

On October 17, 2014, Plaintiff filed this action for judicial review of the unfavorable decision of the Administrative Law Judge ("ALJ"). (Docket Entry 2.) Defendant filed an answer to the complaint on August 12, 2014. (Docket Entry 10.) Defendant filed the sealed

1

administrative record on the same day. (Docket Entry 11.) On August 12, 2014, this Court issued a scheduling order requiring Plaintiff to file her dispositive motion within forty-five days of the date of the scheduling order; Defendant was required to file her dispositive motion within sixty days after the filing of Plaintiff's motion and brief. (Docket Entry 12.) When Plaintiff did not file a dispositive motion within forty-five days, Defendant filed a motion to dismiss for lack of prosecution. (Docket Entry 13.) By letter dated January 7, 2015, the Court notified Plaintiff of the motion to dismiss and advised Plaintiff that her action would be subject to dismissal if she failed to respond within twenty-one days from the date of service of Defendant's motion. (Docket Entry 15.) Having received no response from Plaintiff, on June 30, 2015, this Court issued an order advising Plaintiff that if she did not file a motion or a response to Defendant's motion to dismiss within fourteen days, the court would recommend dismissing her case with prejudice. On July 14, 2015, Plaintiff filed a document entitled "Plaintiff['s] Motion not to dismiss/Response." (Docket Entry 17.)

By text order dated August 12, 2015, this Court construed Plaintiff's Complaint (Docket Entry 2) and "Motion" (Docket Entry 17) as "a motion for judgment on the pleadings contending that the decision of the ALJ is not supported by substantial evidence." (*See* Text order dated August 12, 2015.) The Court further directed Defendant to file a responsive pleading within fourteen days. (*Id.*) Defendant filed a motion for judgment on the pleadings on September 15, 2015. (Docket Entry 22.) By letter dated September 16, 2015, the Court notified Plaintiff of the pending dispositive motion and of her right to respond. (Docket Entry 24.) To date, Plaintiff has not filed a response.

## STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, '[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

3

months,'" *id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Hall*, 658 F.2d at 364. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n. 2 (4th Cir. 1999). The law concerning these five steps is well-established. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 177-180 (4th Cir. 2001); *Hall*, 658 F.2d at 264-65; *Hines v. Barnhart*, 453 F.3d 559, 567 (4th Cir. 2006).

Where, as here, a claimant is proceeding *pro se* on judicial review, the claimant's court filings are entitled to liberal construction. *See, e.g., Ruffin v. Lockheed Martin Corp.*, Civ. No. WDQ-13-7244, 2014 WL 2069988, at *1 n.1, 3 (D. Md. May 15, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .")). Such construction appropriately includes consideration of arguments germane to a motion by a claimant even if they are set out in a filing by the claimant nominally addressed to another motion. *Id.*

4

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action," and that such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either *sua sponte* or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Link*, 370 U.S. at 629-30. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1992); *see also Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of pro se plaintiff's claims, and nothing that pro se litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

Here, Plaintiff received notice of Defendant's motion to dismiss and initially filed no response. Following this court's order to file a motion and response to Defendant's motion according to the scheduling order in this matter, Plaintiff filed a document containing the following language:

> Plaintiff Denise McLendon reason[s] not to dismiss her case. I work everyday. My day start[s] at 3:30 a.m.

5

1. I wake up at 3:30. My son get[s] me up out of bed. I wake up in pain, my back, hips and legs, it's hard to get up and walk. I hurt so bad sometimes I do not sleep. It take[s] me to 4:45-5:00 to get dress[ed] it hurt[s] so much to move when I do get out of bed.

2. When I get to work I have to walk up stair[s] that take[s] awhile. It take[s] me 10-15 min. to walk to my work station. I hurt all day.

3. I get off work to my car and sit the[re] for about 15 min to get my breath and stop hurt[ing] so I can drive home and on days my sugar is up it[']s hard for me to see how to drive home.

4. When I get home from work all I can do is try to get comfort most of the time my feet hurt so bad I cannot even walk on them. I spend most of my time at home when not at work.

[5]. The pain med., I cannot take them and work because they make me sick and I cannot function on them.

[6]. I spend most of my time in pain. I don't know how much long[er] I will be able to work, but I also do not want to be homeless and cannot be able to afford my med. to live.

(Docket Entry 17.) (brackets added). Moreover, the only substantive statement in Plaintiff's complaint states: "I am disabled from all of my medical issues and have unjustly misdiagnosed and my case was decided without properly seeking additional medical information. My illness has not improved and I feel I am entitled to disability." (Docket Entry 2 at 4.)

Plaintiff's filings do not meet the requirements for briefs and motions in federal court. In light of her *pro se* status, however, the undersigned is reluctant to dismiss her case for failure to prosecute under Rule 41. Rather, the Court will undertake a review of the matter to determine if the decision of the ALJ is supported by substantial evidence.

Plaintiff's complaint and "motion" do not identify any specific errors committed by

the Commissioner. Her complaint, as set forth above, seems to implicitly argue that substantial evidence does not support the decision of the ALJ and that the ALJ should have considered other medical evidence. However, for the reasons put forth by the Government, and after an independent review by this Court, it is the opinion of this Court that the ALJ applied the correct legal standard in determining the Plaintiff was not disabled and substantial evidence supports this decision.

At step one of the SEP, the ALJ found that Plaintiff did not engage in substantial gainful activity from her alleged onset date through her date of last insured of March 31, 2009. (Decision, Tr. 11, Finding 2.) At steps two and three, the ALJ found that Plaintiff had the severe impairments of back pain, right shoulder pain, pain in the hands/wrists, right knee pain, and diabetes (*Id.*, Finding 3), but that she did not have any impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Appendix 1, Subpart P of Reg. 404 (Listings). (*Id.* at 11-12, Finding 4.) Having found that Plaintiff's impairments did not meet or medically equal any listing, the ALJ went on to assess Plaintiff's residual functional capacity. *See* 20 C.F.R. § 404.1520(e)-(g). The ALJ found that Plaintiff retained the RFC to perform medium work that avoided hazards, climbing, and hazardous machinery. (*Id.* at 12, Finding 5.)

Based on Plaintiff's RFC and other vocational characteristics, the ALJ concluded that Plaintiff could return to her past relevant light work as a fast food worker. (*Id.* at 19, Finding 6.) Plaintiff provided no evidence substantiating her claim that she could not meet the demands of her past light work as a fast food worker. The ALJ thus found that Plaintiff was not disabled at any time through the date of his decision. (*Id.*, Finding 7.)

7

To the extent Plaintiff is arguing that the ALJ's RFC determination is not supported by substantial evidence in the record, this argument must be rejected. The ALJ cited various diagnostic imaging reports and physical examinations of record as well as Plaintiff's self-reporting of daily activities, in formulating the RFC. As noted by the ALJ, Plaintiff has had only "intermittent visits to the emergency room for her alleged complaints, with generally normal work-ups and objective findings and conservative treatment." (Decision, Tr. 13.) The record shows that Plaintiff went to the emergency room two times during the relevant period. In her first ER visit, on March 29, 2006, Plaintiff presented with "moderate" cervical pain radiating to the right shoulder and right elbow, but her symptoms improved with Percocet and Flexeril. (Tr. 304-05.) Although Plaintiff had some pain and range of motion limitation in her neck, her back examination revealed no spinal tenderness and full range of motion. (*Id.*) Similarly, an extremity examination revealed that Plaintiff was neurovascularly intact with a full range of motion and strength and a normal gait. (*Id.* at 304.) Plaintiff was diagnosed with myofascial cervical strain and cervical radiculopathy and discharged to home in satisfactory condition. (*Id.* at 305.) At a second ER visit in March 2008, Plaintiff reported that her pain had started the day before and was caused by moving furniture. (*Id.* at 294.) After receiving an injection, Plaintiff's back pain improved and she was discharged in satisfactory condition with a back sprain. (*Id.* at 294-95.) She did not report any weakness, numbness or tingling. (*Id.* at 296.)

As pointed out by the ALJ, Plaintiff's medical records for primary care show "fairly routine treatment for various complaints with little evidence of the symptoms reported by [Plaintiff]." (Decision, Tr. 14.) In March and May 2006, Plaintiff's examinations were

8

normal except for elevated blood pressure. (Tr. 218-220.) At a recheck in late May 2006, Plaintiff reported that she was "doing good," and she was exercising, eating better, and babysitting her "active" two year old grandchild. (*Id.* at 216.) At a September 2006 appointment, Plaintiff had no specific complaints and physical examination was normal. (*Id.* at 214-15.) Indeed, other than elevated blood pressure, sinusitis and allergy problems, Plaintiff had essentially normal examinations through October 2007. (*Id.* at 237- 42.)

In November 2007, Plaintiff reported shoulder pain and was directed to exercise and take Tramadol. (Tr. 235.) In December 2007, Plaintiff was prescribed ibuprofen for a headache and reported that she was walking three times a week at the mall. (*Id.* at 234.) In January 2008 Plaintiff reported back and should pain secondary to a fall. (*Id.* at 233.) A medical progress note dated March 11, 2008 indicates that Plaintiff reported that she had pulled a muscle in her back and shoulder while putting a bed together but that she was "feeling better" by the time of the appointment and no longer needed pain medication. (*Id.* at 232.) By July 2008, Plaintiff was walking two miles three times a week and reported having more energy. (*Id.* at 229.)

In his decision, the ALJ stated that he considered the entire medical evidence of record and even considered the treatment notes from after the relevant period which the ALJ found did not support Plaintiff's claim. (Decision, Tr. 15.) The ALJ's conclusion that Plaintiff could perform medium work subject to several exertional limitations is consistent with the medical evidence and is supported by evidence which "a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) *superseded by regulation on other*

*grounds* 20 C.F.R. § 416.927(d)(2)). Therefore, reversal is not warranted on this basis.

A liberal reading of Plaintiff's complaint also could suggest that she contends that the ALJ erred in not seeking additional medical evidence. Plaintiff's conclusory statement fails to offer any specific example as to what additional evidence was not obtained or considered by the ALJ. There is nothing in the record to indicate that Plaintiff sought to have any additional medical evidence included in her claim or that the ALJ failed to develop the record fully and fairly. In fact, at the end of the hearing Plaintiff, who was represented by counsel at the hearing, stated in response to a question that everything had been covered in the hearing. (Tr. 38-39.) Moreover, the ALJ's decision indicates that he considered medical records from after the relevant period and found that these records did not support Plaintiff's claim of disabling impairments. (Decision, Tr. 15-16.)

## CONCLUSION

Having reviewed the record, the transcripts and the briefs and filings of the parties, and for the reasons stated above, it is **RECOMMENDED** that Defendant's motion for judgment on the pleadings (Docket Entry 22) be **GRANTED**. To the extent Plaintiff's response (Docket Entry 17) is construed as a motion to dismiss, it is **RECOMMENDED** that this motion be **DENIED**. Finally, it is **RECOMMENDED** that Defendant's motion to dismiss for failure to prosecute (Docket Entry 13) be **DENIED** as moot.

_____
Joe L. Webster
United States Magistrate Judge

November 23, 2015